FILED
AUG 20 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **NORMA LETICIA NAVEJAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. DR-25-CV-0011-AM** |
| | § | |
| **WALMART INC.,** | § | |
| **Defendant.** | § | |

**ORDER**

Before the Court is the Report and Recommendation of the Honorable Mattthew H. Watters, United States Magistrate Judge. (ECF No. 50.) Judge Watters recommends the Court grant the Defendant's Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Judgment [ECF No. 33]; and deny as moot the Plaintiff's No Evidence Motion for Summary Judgment [ECF No. 36], and both parties' various motions to exclude or limit expert testimony [ECF Nos. 29, 32, 37, 48, 49]. No party objected, and the time to file any objections has passed.

After reviewing the Report and Recommendation, the facts, and the law, the Court **ADOPTS IN PART and REJECTS IN PART** Judge Watters's Report and Recommendation [ECF No. 50]. The Court **GRANTS IN PART and DENIES IN PART** the Defendant's Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Judgment [ECF No. 33]. Specifically, the Court **GRANTS** summary judgment for the Defendant on the Plaintiff's negligence claims and **DENIES** summary judgment for the Defendant on the Plaintiff's premises liability and gross negligence claims. The parties' various motions to exclude or limit expert testimony [ECF Nos. 29, 32, 37,48, 49], therefore, cannot be denied as moot, so that recommendation is **REJECTED**. Finally, the Plaintiff's No Evidence Motion for Summary Judgment [ECF No. 36], as explained below, is not before the Court.

## I. BACKGROUND

This matter arises from a slip and fall injury. (ECF No. 18 at 2.) On May 1, 2024, the Plaintiff and her husband visited Walmart Store No. 461 in Eagle Pass, Texas. (*Id.*; ECF No. 41-1 at 59–60; ECF No. 33 at 2.) After they picked up some bags of potting soil, the couple walked down the main aisleway that crossed through the middle of the store from the left to the right. (ECF No. 41-1 at 60–62.) During this walk, the Plaintiff slipped and fell at an intersection between the main aisleway and an aisle in the store's health and beauty section. (*Id.* at 60, 63–65.) This slip happened next to an endcap stocked with shampoo bottles. (*Id.* at 69–70, 78–79.)

The Plaintiff felt a puddle of clear, soapy liquid as she remained on the floor. (*Id.* at 63–64.) The puddle smelled like shampoo and was about the size of a basketball. (*Id.* at 64–65.) The Plaintiff did not see any customers drop or spill anything before she fell. (*Id.* at 69.) She did, however, see one shampoo bottle on the floor where she slipped. (*Id.* at 69–70.)

During his deposition, the Plaintiff's husband testified that two individuals approached the Plaintiff after she fell. The first was Ms. Limon, another shopper who slipped on the same puddle moments beforehand but avoided falling. (ECF No. 41-2 at 21.) She came to the Plaintiff's side within "maybe 20 [or] 30 seconds." (*Id.*) The second was the Defendant's employee. (ECF No. 41-1 at 109.) The employee was stocking shelves about five to ten steps away from the puddle, and the Plaintiff's fall would have been in the employee's peripheral field of vision. (*See id.*)

The Plaintiff's husband took photos of the scene once she started regaining her composure after she fell. (ECF No. 41-2 at 14–15.) Even though the Plaintiff knocked multiple shampoo bottles off the shelves during her fall, only one remained on the floor when her husband took pictures because "as soon as she fell, there was an employee" picking them up. (*Id.* at 15.) Her

husband also photographed a male employee who was cleaning around the Plaintiff as she remained on the ground. (ECF No. 41-1 at 87.)

On January 13, 2025, the Plaintiff sued the Defendant in the 365th Judicial District, Maverick County, Texas, alleging negligence, premises liability, negligent maintenance and failure to warn, negligence per se, and gross negligence. (ECF No. 1-4.) The Plaintiff, an individual residing in Bexar County, Texas, sought over $1,000,000 in damages against the Defendant, a corporation incorporated in the State of Delaware with its principal place of business in the State of Arkansas. (*Id.*) The Defendant was served on January 28, 2025, and timely removed the case to this Court on February 25, 2025, because diversity jurisdiction existed. (ECF Nos. 1, 1-6.) The Plaintiff then amended her complaint, raising the same claims and relying on the same facts as her original petition in state court. (ECF No. 18.)

## II. THE RELEVANT MOTIONS

### A. The Defendant's Motion for Summary Judgment

On December 31, 2025, the Defendant moved for summary judgment, or alternatively, for partial summary judgment on the Plaintiff's premises liability, negligence, and gross negligence claims. (ECF No. 33.) The Defendant contended the Plaintiff's premises liability claim failed for two reasons. (*Id.* at 7–12.) First, the Plaintiff failed to present or allege any evidence that the Defendant created or had actual knowledge of the shampoo puddle. (*See id.* at 7–8.) Second, the Plaintiff failed to raise a genuine issue of material fact as to whether the Defendant had constructive knowledge of the puddle because she offered no evidence of how long the spill existed before her fall. (*Id.* at 8–9.) The Defendant specifically underscored that the Plaintiff and her husband did not know when the spill occurred and that any security footage was useless because shelving obstructed the spill area. (*See id.* at 9–10.) Further, according to the Defendant, references to Ms. Limon's slip and the Defendant's employee's proximity to the spill did not suffice as temporal

evidence because the puddle was inconspicuous. (*Id.* at 10–12.) The Defendant contended the puddle's inconspicuous nature undermines the Plaintiff's constructive notice theory, thereby defeating her premises liability claim. (*Id.*) Even so, the Defendant argued that the Plaintiff's premises liability claim foreclosed her negligence claim, and because the Plaintiff presented no clear and convincing evidence that the Defendant's act or omission created an extreme degree of risk, her gross negligence claim also failed. (*Id.* at 12–14.)

The Plaintiff responded on January 21, 2026. (ECF No. 41.) Among other things, the Plaintiff argued Ms. Limon's statement established that the spill existed long enough for constructive notice; and Ms. Limon's statement, when considered with the employee's proximity to the puddle, the puddle's size, and the shampoo bottle's presence next to the puddle, was sufficient evidence of constructive notice. (*Id.* at 4–8, 11.) The Plaintiff claimed the spill was conspicuous because when she touched it while on the floor, she noticed it smelled like shampoo. (*Id.* at 4–5.) Those facts coupled with the "the absence of timely warnings or barricades," according to the Plaintiff, created an issue for the jury as to whether the Defendant "had subjective awareness of a high risk of harm" for her gross negligence claim. (*Id.* at 11.) The Plaintiff did not respond to the Defendant's negligence-based arguments.

On January 28, 2026, the Defendant replied. (ECF No. 43.) The Defendant claimed that the Plaintiff did not meaningfully respond to its actual knowledge arguments. (*Id.* at 2.) For constructive notice, the Defendant alleged the Plaintiff failed to present probative evidence of how long the puddle was on the floor and countered that the employee's "proximity without evidence of how long the hazard existed 'merely indicates that it was possible' to discover the condition." (*Id.* at 3–4 (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis deleted).) The Defendant claimed the Plaintiff could not establish "that a bottle fell before her fall,

or when it fell, or that shampoo leaked from that bottle"; and the shampoo bottle's presence on the floor does not prove "how" or "when" the spill happened. (*Id.* at 4.) Finally, the puddle's time on the floor could not be established, even considering Ms. Limon's previous slip and the puddle's physical characteristics. (*Id.* at 5–7.)

### B. The Plaintiff's Motion for Summary Judgment

On January 9, 2026, the Plaintiff filed her No Evidence Motion for Summary Judgment. (ECF No. 36.) The Court deficiency noticed the Motion and ordered the Plaintiff to re-file. The Plaintiff did not.

### C. The Defendant's and the Plaintiff's Motions to Exclude Expert Testimony

Both the Defendant and the Plaintiff have filed motions to exclude or limit expert witnesses' testimonies. (ECF Nos. 29, 32, 37, 48, 49.) Given this Court's findings, these motions cannot be denied at this time. Judge Watters recommendation is also rejected as to this motion.

## III. JUDGE WATTERS'S REPORT AND RECOMMENDATION

Judge Watters made three recommendations based on the Defendant's Motion for Summary Judgment. Judge Watters found the Plaintiff's negligence-based theories of liability foreclosed under Texas law because her alleged injuries arose from the store's unsafe condition. (*Id.* at 14–15.) Judge Watters also found the Plaintiff's gross negligence claim failed because, as later discussed, he found that she did not present enough evidence to establish her premises liability claim. (*Id.* at 15–16.) The Court concurs with these recommendations, although it concurs only in the recommendation, not the reasoning, for gross negligence. The Court's main concern and disagreement center around Judge Watters's recommendation on the Plaintiff's premises liability claim. The Court rejects the reasoning and the recommendation as to this last claim.

Judge Watters recommends denying the Plaintiff's premises liability claim on the grounds that she did not show actual knowledge and did not present a genuine issue of material fact as to

whether the Defendant had constructive knowledge of the spill. (*Id.* at 7–13.) Judge Watters deduced that the spill was likely on the floor for a brief period of time and it was unreasonable for a fact finder to determine how long the puddle existed because Ms. Limon slipped right before the Plaintiff, the Plaintiff did not see Ms. Limon's slip, and Ms. Limon did not report her slip to an employee. (*See id.* at 9–12.) Further, because the puddle was a clear liquid, the employee's proximity did not assist the Plaintiff. (*Id.* at 12–13.) Thus, Judge Watters recommends the Court grant the Defendant's Motion for Summary Judgment and deny all remaining motions as moot. (*Id.* at 15.)

## IV. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a Magistrate Judge within fourteen days after service of the Report and Recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to Judge Watters's Report and Recommendation were due on July 22, 2026. No party filed objections. Thus, the Court does not conduct a *de novo* review. *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996). Rather, the Court must decide only whether Judge Watters's findings and recommendations are clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On review, the Court finds that portions of the Report and Recommendation are clearly erroneous or contrary to law.

## V. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

A court must grant summary judgment for the movant upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Pioneer Expl., L.L.C. v. Steadfast*

*Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009)).

The initial burden of "demonstrat[ing] the absence of a genuine issue of material fact rests upon the movant." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant meets this burden by identifying "portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 323). A court must deny summary judgment when the movant fails to meet its initial burden. *Id.* (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

When the movant meets this initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). This requires the nonmovant to designate factual disputes "that might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In deciding whether there is a fact issue, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Kevin M. Ehringer Enters. v. McData Servs. Corp.*, 646 F.3d 321, 326 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

If the party who bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then a court must grant summary judgment. *Id.* (quoting *Malacara v. Garber*, 353 F.3d 393, 398 (5th Cir. 2003)).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003)).

**B. Premises Liability**

Judge Watters found there was no genuine issue of material fact as to whether the Defendant had knowledge[1] of the shampoo puddle on which the Plaintiff slipped and fell. (ECF No. 50 at 7–13.) Judge Watters made that finding for two reasons. First, when contesting summary judgment, the Plaintiff failed to address whether the Defendant had actual knowledge of the spill. (*Id.* at 7.) The Court agrees with this conclusion because the Plaintiff's failure to offer proof of actual knowledge "mandates a finding that no genuine issue of fact exists." *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (citation omitted). Second, a reasonable fact finder could not find that the Defendant had constructive knowledge of the shampoo puddle. (ECF No. 50 at 7–13.) The Court disagrees with this conclusion because there is sufficient evidence to create a genuine issue of fact that "establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

The Plaintiff alleged she was the Defendant's invitee. (ECF No. 18 at 3.) In slip-and-fall cases, an invitee must demonstrate: "(1) the property owner (or occupier) had actual or constructive knowledge of a condition of the premises over which it exercises control; (2) the condition was unreasonably dangerous; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk of harm; and (4) such failure proximately caused the alleged injury." *Peterson*, 732 S.W.3d at 545–46.

---

[1] While the Supreme Court of Texas once referred to the first element as notice, *Reece*, 81 S.W.3d at 814, it now refers to it as knowledge, *e.g.*, *H-E-B, LP v. Peterson*, 732 S.W.3d 541, 545 (Tex. 2026). This Court will do the same.

While actual knowledge requires proof that "the defendant placed the substance on the floor" or "the defendant actually knew the substance was on the floor," constructive knowledge requires evidence that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814 (citations omitted). "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Id.* at 816. Answering "that question requires analyzing the combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).

In *Reece*, the Texas Supreme Court clarified that an employee's proximity to a spill, without more, does not prove constructive notice. 81 S.W.2d at 816. While an employee's proximity and the spill's conspicuousness will inform "whether the premises owner should have become aware of the dangerous condition," *id.*, they do not negate the plaintiff's burden of presenting "some temporal evidence," *see id.* This is because "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.*

Judge Watters found that the Plaintiff failed to produce sufficient temporal evidence for the shampoo puddle because Ms. Limon's slip preceding the Plaintiff's did not indicate how long the puddle existed and the Plaintiff failed to prove how the spill happened. (*See* ECF No. 50 at 7–13.) Those findings, however, view the evidence in isolation, rather than in totality.

Taking a holistic view of the evidence, the Plaintiff raised an issue of material fact about whether the Defendant had constructive notice of the shampoo puddle. To start, the Plaintiff testified that the puddle was about the size of a basketball and was wider than her. (ECF No. 41-1 at 64–65.) The Plaintiff's husband said the puddle was about "10 to 12 inches all around." (ECF

No. 41-2 at 26–27.) The Plaintiff remembered a female employee stocking shelves in the aisle next to where she slipped, and both the Plaintiff's fall and the shampoo puddle were to the employee's front left side. (*See* ECF No. 41-1 at 106–07, 109.) The employee was about five to ten steps away from where the Plaintiff fell. (*Id.*) Both this employee and Ms. Limon[2] came to the Plaintiff within "maybe 20 [or] 30 seconds" after she fell. (ECF No. 41-2 at 21.) Ms. Limon explained she had just walked through the same area and slipped, but she grabbed onto her shopping cart to stop herself from falling. (*Id.*) When her husband tried to take pictures of the scene, only one bottle remained on the floor because a nearby employee quickly responded and picked up the bottles. (ECF No. 41-2 at 14–15.)

Judge Watters discounted the total probative force of the evidence presented in this case when he found that "[i]n similar factual patterns, courts have routinely found that inconspicuous substances spilled onto a floor for a matter of minutes cannot support a finding that a premises owner had a reasonable amount of time to discover them—even if their employees were in close proximity to the spill." (ECF No. 50 at 13 (citations omitted).) For that finding, Judge Watters relied on *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596 (N.D. Tex. 2006) and numerous cases cited by the Fifth Circuit in *Gonzalez v. Walgreen Co.*, 140 F.4th 663 (5th Cir. 2025). (*Id.*) Those cases, however, do not factually fit these facts.

Each case cited by the Fifth Circuit in *Gonzalez*, for example, lacks one or more of the relevant facts presented here. *See* 140 F.4th 663, 673 (5th Cir. 2025); *Shirey v. Wal-Mart Stores Tex., L.L.C.*, 699 F. App'x 427, 427–29 (5th Cir. 2017) (per curiam) (one employee walked past a

[2] In its Reply, the Defendant spent three words arguing that Ms. Limon's statement is "hearsay as offered." (ECF No. 43 at 5.) Judge Watters noted Ms. Limon's statement in its current form is likely hearsay and that the Defendant did not object to the Plaintiff using it when opposing summary judgment. (ECF No. 50 at 14.) Judge Watters considered her statement in his Report and Recommendation and did not determine whether the Plaintiff could rely on it. (*Id.*) The Court finds no clear error in considering Ms. Limon's statement, especially in light of the Defendant's underdeveloped argument.

grape thirty seconds after it fell from another shopper's cart and no one else slipped and almost fell within five to ten feet of an employee because of the condition); *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 893–94 (5th Cir. 2000) (the evidence revealed that the area where the plaintiff slipped went unobserved by employees "for, at the most, forty-five minutes"); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (no one else slipped and almost fell within five to ten feet of an employee because of the condition); *Robbins v. Sam's E., Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021) (per curiam) (no one else slipped and almost fell within five to ten feet of an employee because of the condition); *Agbonzee v. Wal-Mart Stores Texas, L.L.C. #772*, No. 21-20395, 2022 WL 3137428, at *3 (5th Cir. Aug. 5, 2022) (per curiam) (no one else slipped and almost fell within five to ten feet of an employee because of the condition). Likewise, the court in *Sturdivant* was not presented with evidence that another customer slipped on the same substance near an employee. *See* 464 F. Supp. 2d 596, 602–03 (N.D. Tex. 2006).

Here, the Defendant moved for summary judgment by presenting the evidence in the light ***least*** favorable to the nonmovant. The Defendant invites the Court to believe that a basketball-sized shampoo puddle materialized mere seconds before Ms. Limon slipped;[3] and the employee was stocking shelves so diligently she reasonably could not have noticed Ms. Limon slip and the

[3] The Defendant faulted the Plaintiff for not producing evidence of how the shampoo puddle accumulated, even though it was next to an endcap stocked with shampoo bottles. (ECF Nos. 33 at 9; 43 at 2–4.) The Defendant provided a video recording of the aisle, but it revealed nothing because the area in question is blocked by the endcap of shampoo bottles. (ECF No. 33 at 9 ("The video . . . does not show when or how the spill occurred; the shelving obstructs the precise area of the spill, and Walmart's corporate representative testified that the footage does not reveal the origin or duration of the spill.").) An employee of the Defendant began picking up shampoo bottles on the floor after the Plaintiff fell and as the Plaintiff's husband tended to her. (ECF No. 41-2 at 47–50.) This presents the Court, and eventually the fact finder, with three possible options: first, the shampoo puddle accumulated from nothing; second, the shampoo puddle accumulated from a broken bottle and before the Plaintiff slipped someone removed the bottle but did not clean the puddle; or third, the shampoo puddle accumulated because of a broken bottle, and an employee picked it up after the Plaintiff fell while her husband tended to her. These options are for the parties to argue to a jury for a final determination, and not for this Court.

puddle itself, or the employee, within 20 to 30 seconds, walked into the aisle after Ms. Limon slipped, started actively stocking shelves, and walked to the Plaintiff after her fall. To accept that narrative, the Court must construe the evidence in the light least favorable to the Plaintiff, which inverts the summary-judgment standard. *See Kevin M. Ehringer Enters.*, 646 F.3d at 326.

The Court finds that the shampoo puddle's size and proximity to the endcap of shampoo bottles, the employee's proximity to the puddle, and Ms. Limon's slip is sufficient circumstantial evidence that the Defendant had a reasonable opportunity to discover the puddle before the Plaintiff slipped and fell. Thus, "it is more likely than not that the dangerous condition existed long enough to give [the Defendant] a reasonable opportunity to discover the condition." *See Gonzalez*, 968 S.W.2d at 936. This creates a issue for the jury to make a final determination on the theory of constructive knowledge.

### C. General Negligence Theories

Judge Watters found that the Plaintiff's negligence and negligence per se claims are rooted in premises liability and that her cause of action is limited to premises liability. (ECF No. 50 at 14–15.) The Court agrees.

In Texas, premises liability and negligence claims "are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citations omitted). These claims "are not interchangeable." *Id.* (citations omitted). The underlying difference between them is that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

To support negligence, the Plaintiff alleged acts or omissions encompassed by her premises liability claim, such as failing "to keep the premises in a reasonably safe condition" and "to use ordinary care in maintaining and inspecting the premises and making repairs and modifications." (ECF No. 18 at 3–4.) For negligent maintenance and failure to warn, she alleged acts or omissions, such as "not performing a proper inspection of the property generally, and the wet floor in particular," "not properly managing or maintaining the floor," and "not properly warning Plaintiff of the hidden or latent dangers." (*Id.* at 6–7.) For negligence per se, she likewise alleged that "[t]he existence of surface hazards were clear violations" the San Antonio Property Maintenance Code. (*Id.* at 7–8) These allegations support liability based on the Defendant's "failure to take measures to make the property safe" and are thus rooted in premises liability. *Levine*, 537 S.W.3d at 471 (quoting *Del Lago Partners*, 307 S.W.3d at 776).

The Court therefore agrees with Judge Watters's finding that the Plaintiff's negligence claims rest in premises liability [ECF No. 50 at 15] and approves and adopts this part of Judge Watters's Report and Recommendation.

**D. Gross Negligence**

Judge Watters did not analyze the Plaintiff's gross negligence claim because he determined that her premises liability claim could not survive summary judgment. (*Id.* at 15–16.) After independent review, the Court disagrees because there is a genuine issue of material fact on both premises liability and gross negligence.

Under Texas law, an invitee may recover for gross negligence by establishing premises liability's elements and by "demonstrating gross negligence's two additional elements by clear and convincing evidence." *Oliver v. Wal-Mart Stores Texas, LLC*, 748 F. Supp. 3d 433, 439 (N.D. Tex. 2024) (citing *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014)); Tex. Civ. Prac. & Rem. Code § 41.003(a)(3), (b). First, the defendant's act or omission must have involved

an "extreme degree of risk." Tex. Civ. Prac. & Rem. Code § 41.001(11)(A); *Austin*, 746 F.3d at 196 n.2. Second, the defendant must have had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." Tex. Civ. Prac. & Rem. Code § 41.001(11)(B); *Austin*, 746 F.3d at 196 n.2.

In moving for summary judgment, the Defendant merely claimed the Plaintiff could not identify or present any evidence to satisfy gross negligence. (ECF No. 33 at 14; *e.g.*, *id.* ("Plaintiff cannot identify any clear and convincing evidence . . . .").) Yet as the movant, the Defendant "bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Pioneer Expl.*, 767 F.3d at 511 (quoting *Celotex Corp.*, 477 U.S. at 323). Pointing to nothing in the record [*see* ECF No. 33 at 13–14] does not prove the absence of a genuine issue of material fact, so the Defendant failed at step one.

The evidence demonstrates that the shampoo puddle accumulated next to an endcap of shampoo bottles, the puddle was about the size of a basketball, the Defendant's employee was about five to ten steps away from the puddle and was stocking shelves, and Ms. Limon slipped before the Plaintiff slipped and fell. The cumulative force of these facts create a genuine issue of material fact on gross negligence. Thus, the Defendant is not entitled to summary judgment on the Plaintiff's gross negligence claim. *See Pioneer Expl.*, 767 F.3d at 511 (quoting *Kee*, 247 F.3d at 210).

## VI. THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Judge Watters recommends [ECF No. 50 at 16] denying as moot the Plaintiff's No Evidence Motion for Summary Judgment [ECF No. 36], filed on January 9, 2026. The Motion was deficiently noticed three days after the Plaintiff filed it. The Plaintiff was ordered to re-file, but

she did not. Thus, there is nothing to deny as moot because the deficient Motion was never properly before the Court.

## VII. THE MOTIONS TO EXCLUDE EXPERT TESTIMONY

Judge Watters finally recommends [ECF No. 50 at 16] denying as moot the Defendant's Motion to Exclude Testimony of Jack Leifer, PH.D., P.E. [ECF No. 29]; the Defendant's Motion to Exclude, or in the Alternative, Limit Testimony of Dr. James Bramblett, D.C. [ECF No. 32]; the Plaintiff's Motion to Exclude Defendants' Expert Mukund I. Gundanna, MD [ECF No. 37]; the Plaintiff's Request for Live, In-Person FRE 705(b) Voir Dire Hearing and Response to Defendants' Motion to Exclude Expert Testimony from Jack Liefer, PHD [ECF No. 48]; and the Plaintiff's Request for Live, In-Person FRE 705(b) Voir Dire Hearing and Response to Defendants' Motion to Exclude Expert Testimony from James Bramblett, D.C. [ECF No. 49]. Judge Watters made this recommendation because he recommended the Court grant the Defendant's summary-judgment motion.[1] (ECF No. 50 at 16.) The Court, however, determined the Plaintiff's premise liability and gross negligence claims should continue past this stage, so these motions are not moot.

To address these motions, the Plaintiff and the Defendant shall appear at the Court's docket call on Tuesday, September 8, 2026, at 10:30 a.m. to address a date and time for the Court to conduct a *Daubert* hearing.

## VIII. CONCLUSION

Accordingly, the Court **ADOPTS IN PART and REJECTS IN PART** Judge Watters's Report and Recommendation [ECF No. 50].

The Court **GRANTS IN PART and DENIES IN PART** the Defendant's Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Judgment [ECF No. 33]. Specifically, the Court **GRANTS** summary judgment for the Defendant on the Plaintiff's negligence

claims and **DENIES** summary judgment for the Defendant on the Plaintiff's premises liability and gross negligence claims.

It is **ORDERED** that the Plaintiff and the Defendant shall appear for the Court's docket call on Tuesday, September 8, 2026, at 10:30 a.m. to set a date for a *Daubert* hearing on the parties' expert testimony motions.

SIGNED and ENTERED on this 20th day of August 2026.

ALIA MOSES
Chief United States District Judge